

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
BEAUFORT DIVISION

| | | |
|---|---|---|
| WILLIAM BENJAMIN BROWN, | § | |
| Petitioner, | § | |
| vs. | § | Civil Action No. 9:16-03079-MGL-BM |
| WARDEN MANSUKHANI, | § | |
| Respondent. | § | |

### ORDER ADOPTING THE REPORT AND RECOMMENDATION AND DISMISSING THE PETITION WITHOUT PREJUDICE

This action arises under 28 U.S.C. § 2241. Petitioner is proceeding pro se. This matter is before the Court for review of the Report and Recommendation (Report) of the United States Magistrate Judge suggesting the Petition be dismissed without prejudice. The Report was made in accordance with 28 U.S.C. § 636 and Local Civil Rule 73.02 for the District of South Carolina.

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270 (1976). The Court is charged with making a de novo determination of those portions of the Report to which specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1). The Court need not conduct a de novo review, however, "when a party makes general and conclusory objections that

do not direct the court to a specific error in the [Magistrate Judge's] proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982); *see* Fed. R. Civ. P. 72(b).

The Magistrate Judge filed the Report on July 27, 2017. ECF No. 45. On August 8, 2017, the Clerk of Court entered Petitioner's objections to the Report (Petitioner's Memorandum). ECF No. 47. The Court has carefully considered the objections but holds them to be without merit. Therefore, it will enter judgment accordingly.

"A document filed *pro se* is 'to be liberally construed.'" *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). Courts are not, however, required to "conjure up questions never squarely presented to them" or seek out arguments for a party. *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

Even when construed liberally and in the light most favorable to Petitioner, Petitioner's Memorandum fails to set forth any specific objections to the Report. Any meaningful counter to the well-reasoned conclusions in the Report is absent. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note). Moreover, a failure to object waives appellate review. *Wright v. Collins*, 766 F.2d 841, 845-46 (4th Cir. 1985).

Rather than setting forth specific objections to the Report, the majority of Petitioner's Memorandum rehashes arguments already analyzed and rejected by the Magistrate Judge, and the Court rejects such arguments for the same reasons articulated in the Report. Petitioner also appears to argue in his Memorandum that Respondent neglected to address issues raised by this

Court in its April 26, 2017, Order. Like the rest of Petitioner's Memorandum, however, this argument fails to direct the Court to a specific error in the Report. Moreover, this Court's April 26, 2017, Order is directed to the Magistrate Judge, not Respondent. ECF No. 17.

Petitioner further requests in his Memorandum for the Court to review his previous filings in this case. In an overabundance of caution, the Court has conducted a de novo review of the entire record. After having done so, the Court remains convinced dismissing the Petition without prejudice is proper.

After a thorough review of the Report and the record in this case pursuant to the standard set forth above, the Court adopts the Report and incorporates it herein. Therefore, it is the judgment of the Court the Petition is **DISMISSED WITHOUT PREJUDICE**. Any pending motions are, thus, **RENDERED MOOT**.

To the extent Petitioner requests a certificate of appealability from this Court, that certificate is **DENIED**.

**IT IS SO ORDERED.**

Signed this 30th day of August 2017 in Columbia, South Carolina.

                                                    s/ Mary Geiger Lewis
                                                    MARY GEIGER LEWIS
                                                    UNITED STATES DISTRICT JUDGE

\*\*\*\*\*
**NOTICE OF RIGHT TO APPEAL**

The parties are hereby notified of the right to appeal this Order within sixty days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.